IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN WILLIAMS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-787-L-BK |
| | § | |
| LOCAL ENTITIES, | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Review reveals that Jordan's operative complaint is frivolous, lacking in any legal or factual basis. Thus, it should be **DISMISSED** *sua sponte*.[1]

**I. BACKGROUND**

On April 5, 2022, Jay E. Williams ("Williams") filed a *pro se* letter-pleading on behalf of his adult son Jordan Williams ("Jordan"), also a pro se litigant, against unspecified "Local Entities" and governments. Doc. 3 at 1. Williams asserts that these Local Entities "are endangering Jordan Williams' life" through their actions and inactions. Doc. 3 at 1. He avers

---

[1] Although Jordan failed to file a motion to proceed *in forma pauperis* on the correct form, it is more efficient to dismiss the complaint than to require compliance with this Court's filing requirements. Further, because Jordan also signed the operative complaint, the Court need not address whether Williams is authorized to file on Jordan's behalf. *See Speed v. America's Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485 (N.D. Tex. Sep. 24, 2014) (Lindsay, J.) (citing W*eber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (finding executed powers of attorney did not authorize an unlicensed attorney to file pleadings or papers on behalf of another as a "next friend").

that Jordan suffers from Addison's Disease and recently "experienced a death of a nephew." Doc. 3 at 1. Williams asks for "the highest possible legal (sovereign) immunity" for Jordan and his family members "to prevent retaliation and to keep [Jordan] out of the hospital." Doc. 3 at 1.

In response to the second deficiency order, the Williamses filed a second amended complaint (the operative complaint) against Local Entities and Does 1-100, which contains the following title: "Fraud, Neglect of Duty, ADA violations, Judiciary Act of 1789, Breach of Oath of Office, And Other Unlawful Acts against the Declaration of Independence and The Constitution of The United States of America." Doc. 21 at 1. Although the operative complaint lists Jordan as the sole plaintiff, both Williams and Jordan signed it. Doc. 21 at 1, 21.

The operative complaint is not a model of clarity. It is over 20 pages long and pleads a litany of events involving numerous individuals and entities and spanning a couple of years. The allegations are rambling and largely incoherent, and border on the fantastic and delusional. Doc. 21 at 1-24.

As best as the court can glean from the complaint, Jordan seeks to hold "PEOPLE ACCOUNTABLE FOR THEIR ACTIONS" and makes a "DEMAND FOR EMPANELMENT OF GRAND JURY[.]" Doc. 21 at 6. He states under "PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS/OPPOSING PARTIES":

> Plaintiff incorporates by reference the facts set forth above as if set forth here in full. 129. Plaintiff, Jordan Williams is seeking compliance with title 42 U.S.C. § 1987 (Prosecution of violation of certain laws) that authorizes and requires, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of Title 18 U.S.C. § 241 and 242, Title 18 U.S.C. § 1964 (a) (b) (c) and§ 1968 (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense. See Pub. Law 106-274, Sec. 4 (d), Sept. 22, 2000, 114 Stat. 804.

Doc. 21 at 6.

Jordan includes a copy of the "Declaration of Independence, July 4, 1776," Doc. 21 at 10-15, he a lengthy list of Texas and U.S. Constitutional provisions, state and federal criminal statutes, and civil rights and human rights statutes, Doc. 21 at 15-21. As relief, the Complaint states only: "Jordan Williams prays that the Declaration of Independence and the Constitution of the United States of America prevail." Doc. 21 at 21.

## II. ANALYSIS

Based on his filings, the Court presumes that Jordan seeks leave to proceed *in forma pauperis*. As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Jordan's complaint is frivolous.

Even under the most deferential review, Jordan has failed to state a cognizable legal claim or anything that can be construed as such. As demonstrated *supra*, his factual contentions are clearly baseless and woefully inadequate to support any legal claim. See *Denton*, 504 U.S. at 33.

Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005). Ordinarily, criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Jordan has pled nothing that would even come close to meeting that burden. Thus, to the extent Jordan alleges criminal law violations, his claims also lack legal basis.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As outlined here, Jordan's apparent claims are fatally infirm. Based on the most deferential review of his operative complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Additionally, the Court has already given him an opportunity to amend the complaint. *See* Doc. 5; Doc. 13 (requiring Jordan to cure various deficiencies and file *inter alia* a complaint in compliance with

Fed. R. Civ. 8(a)). Thus, the Court can only conclude that he has already pled his best case. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on September 25, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).